IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARGARET S. WILLIAMS                                                                                    PLAINTIFF

vs.                                                Civil No. 2:15-cv-02085

CAROLYN W. COLVIN                                                                                       DEFENDANT
Commissioner, Social Security Administration

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Margaret S. Williams ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") and a period of disability under Title XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

**1.     Background:**

Plaintiff protectively filed her SSI application on March 10, 2009. (Tr. 116). In this application, Plaintiff alleges being disabled due to diabetes, high blood pressure, and neuropathy. (Tr. 134). Plaintiff alleges an onset date of March 10, 2009. (Tr. 116). This application was denied initially and again upon reconsideration. (Tr. 86-88, 93-94).

Plaintiff requested an administrative hearing on August 12, 2009. (Tr. 72-73). This hearing request was granted. (Tr. 75-79). Plaintiff's initial administrative hearing was held on July 14,

2010. (Tr. 26-58). Following this hearing, on September 23, 2010, the ALJ entered an unfavorable decision denying Plaintiff's application. (Tr. 14-22).

Plaintiff appealed the ALJ's decision and on June 26, 2013, the United States District Court for the Western District of Arkansas remanded the case for further proceedings and the Appeals Council vacated the final decision of the Commissioner on August 8, 2013. (Tr. 377-387, 438-448). Plaintiff's second administrative hearing was held on May 12, 2014. (Tr. 328-376). Plaintiff was present and was represented by Davis Duty. *Id.* Plaintiff and Vocational Expert ("VE") Larry Seifert testified at this hearing. *Id.* At this hearing, Plaintiff was fifty-four (54) years old and had completed high school. (Tr. 332).

On January 20, 2015, the ALJ entered an unfavorable decision denying Plaintiff's application. (Tr. 311-322). In this decision, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 10, 2009. (Tr. 313, Finding 1). The ALJ next found Plaintiff had the following severe impairments: diabetes mellitus with peripheral neuropathy, hypertension, depression, and anxiety. (Tr. 313, Finding 2). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 313, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 315-320, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform light work, except is limited to frequent fingering and handling; occasional climbing, balancing, stooping, kneeling, crouching, and crawling; and can perform simple, routine, repetitive tasks in a setting where interpersonal contact is incidental to work performed, and supervision is simple, direct, and concrete. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 320, Finding 5). The ALJ found Plaintiff had no PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 321, Finding 9). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as a merchandise marker with approximately 2,092 such jobs in Arkansas and 220,601 such jobs in the nation, inspector with approximately 1,577 such jobs in Arkansas and 131,585 such jobs in the nation, and warehouse checker with approximately 415 such jobs in Arkansas and 28,315 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act since March 10, 2009. (Tr. 321, Finding 10). Following this, on April 30, 2015, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 11, 12. This case is now ready for decision.

**2.** **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the

findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In her appeal brief, Plaintiff argues the ALJ erred: (1) in failing to find Plaintiff met a Listing, (2) in failing to properly assess Plaintiff's severe impairments, (3) in failing to give medical opinions proper weight, (4) in the RFC determination, (5) by failing to give credibility to her allegations of pain, and (6) in the Step 5 determination. ECF No. 11 at 8-16. Upon review, the Court finds the ALJ did err by finding Plaintiff's borderline intellectual functioning was not a severe impairment. Accordingly, the Court will only address this issue.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In the present action, the ALJ did not find Plaintiff's borderline intellectual functioning was a severe impairment. (Tr. 313, Finding 3). This is despite the fact Plaintiff was diagnosed as having

borderline intellectual functioning. (Tr. 532, 558, 565). This finding is also despite the fact Plaintiff was assessed as having a full scale IQ score of 72 on the Wechsler Adult Intelligence Scale - IV. (Tr. 561, 565). A person with an IQ score of 60 through 70 would qualify as automatically disabled under Listing 12.05(C) or Listing 12.05(D) if certain conditions were met.

Based upon these records, the Court finds this evidence is sufficient to meet the lower standard for demonstrating an impairment is "severe." Because the ALJ erred by not finding this was a severe impairment, this case must be reversed and remanded. *See Nicola,* 480 F.3d at 887 (". . . we reject the Commissioner's argument of harmless error").

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends that it be **REVERSED AND REMANDED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 7th day of April 2016.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE